IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID RAY ATWOOD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1711 |
| | § | |
| RONALD C. PUNCH, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit against former Texas Department of Criminal Justice ("TDCJ") dentist Ronald C. Punch, D.D.S., TDCJ grievance officer Doyle Davis, TDCJ assistant warden Matthew McClarin, and TDCJ director Lorie Davis. The Court authorized service on defendant Punch, who filed a motion to dismiss under Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6). (Docket Entry No. 23.) Despite expiration of a reasonable period of time in excess of seventy days, plaintiff has failed to file a response to the motion to dismiss.

Having considered the motion to dismiss, the pleadings, the record, and the applicable law, the Court GRANTS to the motion to dismiss and DISMISSES this lawsuit for the reasons explained below.

*Background and Claims*

Plaintiff states that he cracked a tooth on May 25, 2016, and that defendant Punch examined the tooth two days later on May 27, 2016. Punch told plaintiff that oral surgery

would be needed to extract the tooth, but that plaintiff's high blood pressure prevented surgery at that time. Punch instructed plaintiff to obtain blood pressure medication. Plaintiff states that a prison physician prescribed him blood pressure medication, which he started taking on June 1, 2016. Plaintiff states he again asked medical staff to pull the tooth on June 1, 2016. Medical staff noted that he had been seen May 31, 2016, and a sick call appointment was scheduled on June 2, 2016. Plaintiff requested antibiotics and pain medications on May 31, 2016, to alleviate pain and infection, and the medications were prescribed for him. Plaintiff does not claim to have made any further requests for extraction of the tooth after June 1, 2016, and no allegations are made that subsequent requests for dental services regarding the tooth were denied.

Plaintiff states that the grievances he submitted in August 2016 were denied as untimely. He opines that, because the grievances were denied, he was "barred" from future dental care, "leaving [him] with no other available way for dental treatment." (Docket Entry No. 1, p. 3.) He seeks monetary damages for deliberate indifference to his dental needs and the denials of his grievances.

### *Procedural Standards*

*FRCP 12(b)(1)*

A party may move for a dismissal of a cause of action under FRCP 12(b)(1) when a court lacks subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting

*Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). When a motion to dismiss under Rule 12(b)(1) is filed, the party asserting jurisdiction bears the burden of proof. *Morrison v. Livingston*, 739 F.3d 740, 745 (5th Cir. 2014).

*FRCP 12(b)(6)*

In reviewing a pleading under FRCP 12(b)(6), a court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017). However, only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Crucially, while federal pleading rules do not require "detailed factual allegations," the rules do "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

3

Even though plaintiff proceeds *pro se*, his "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.* (citation omitted). The Court is of the opinion that plaintiff in this case has pleaded his best case against the defendants and that his claims should be dismissed with prejudice. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citing with approval the proposition that "a district court does not err in dismissing a . . . complaint with prejudice if the court determines the plaintiff has alleged his best case").

*Section 1915*

Because plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under section 1915(e)(2). Both sections 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

Under section 1915(e)(2)(B)(i), the Court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

## *Motion to Dismiss*

Plaintiff claims that defendant Punch was deliberately indifferent to his serious dental needs in refusing to extract his cracked tooth on May 27, 2016, and June 1, 2016. Defendant Punch seeks dismissal of plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff has not filed a response to the motion to dismiss and, under Local Rule 7.4, the motion is deemed unopposed. S.D. TEX. L.R. 7.4 ("Failure to respond will be taken as a representation of no opposition.").

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate deliberate indifference to his serious medical needs which constitutes "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976). The test for establishing deliberate indifference is one of subjective recklessness as used in the criminal law. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a prisoner must allege facts which, if true, would establish that the defendant knew of and disregarded an excessive risk to his health or safety; the official must both have been aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also have drawn the inference. *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id.*

A prisoner's disagreement with medical treatment provided by prison officials, standing alone, does not state a viable claim for deliberate indifference. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir. 2001); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th

Cir. 1997). Nor is it established by a physician not accommodating a prisoner's requests in a manner he desired. *Id.* To meet his burden in establishing deliberate indifference on the part of medical staff, a prisoner "must show that [medical staff] refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

In this case, plaintiff claims Punch was deliberately indifferent to his serious medical needs in not extracting his cracked tooth on May 27, 2016, and June 1, 2016. Plaintiff's allegations show that Punch examined his tooth on May 27, 2016, but declined to perform oral surgery at that time due to plaintiff's high blood pressure. Punch instructed plaintiff to obtain medication to treat his high blood pressure. That Punch examined plaintiff on that date and declined to extract plaintiff's tooth until his high blood pressure was under control does not show that Punch refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that clearly evinced a wanton disregard for plaintiff's serious medical needs. Plaintiff's factual allegations do not raise a viable claim for deliberate indifference as to Punch's May 27, 2016, medical examination and care of plaintiff.

Nor do plaintiff's factual allegations raise a viable claim against Punch for deliberate indifference regarding June 1, 2016. Plaintiff acknowledged in a sick call request that "untill [*sic*] I get blood pressure down I do not get dental treatment." (Docket Entry No. 1-2, p. 10.) Plaintiff's exhibits indicate that, at his request, he was re-examined and

6

provided pain medication and antibiotics for his tooth on May 31, 2016. *Id.*, p. 12. Plaintiff's exhibits further show that he took his first dose of blood pressure medication on June 1, 2016, and renewed his request for oral surgery that same day. (Docket Entry No. 1-2, p. 16.) In response to his request, medical staff scheduled him for a sick call examination on June 2, 2016, and noted that he had been seen May 31, 2016. *Id.*, p. 10. Contrary to plaintiff's allegations, the sick call exhibit shows that he was scheduled for a sick call visit; Punch did not decline to see him due to a May 31, 2016 examination. *Id.* Plaintiff does not allege that he requested and was denied dental services for the broken tooth after June 2, 2016. Plaintiff's exhibits do not show that Punch refused to examine him or perform oral surgery on June 1, 2016. To the contrary, he was scheduled for a sick call visit June 2, 2016. Plaintiff pleads no factual allegations regarding the results of any subsequent examination, and thus no deliberate indifference is shown as to any such examination or lack of examination.

Even taking plaintiff's factual allegations as true, he cannot meet the deliberate indifference standard as to Punch's medical care. Punch examined plaintiff's tooth on May 27, 2016, noted his high blood pressure, and instructed plaintiff to obtain blood pressure medication. Plaintiff acknowledged that Punch would not perform oral surgery until his high blood pressure was brought down. Plaintiff began taking blood pressure medication on June 1, 2016, and again requested immediate extraction of the tooth. Noting that plaintiff had been seen on May 31, 2016, medical staff scheduled him for a sick call visit on June 2, 2016. Plaintiff's factual allegations do not give rise to a viable claim for

deliberate indifference against Punch regarding plaintiff's medical care on May 27, 2016, and June 1, 2016.

Plaintiff's Eighth Amendment claims against Punch are DISMISSED WITH PREJUDICE for failure to raise a viable claim for which relief can be granted under section 1983.

### *Remaining Claims and Defendants*

The Court cannot grant the motion to dismiss as to the remaining defendants – Doyle Davis, Matthew McClarin, and Lorie Davis – as they have not been served and are not parties to the motion. The Court can, however, dismiss plaintiff's claims against these defendants pursuant to sections 1915, 1915A, and FRCP 12(b)(6) for failure to state a viable claim.

*Eleventh Amendment Immunity*

The defendants in this case are sued for actions taken during the course of their employment with TDCJ, a state agency. Thus, to the extent plaintiff seeks monetary damages against the defendants in their official capacities, his claims are barred by Eleventh Amendment immunity and are DISMISSED WITH PREJUDICE. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001); *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

*Grievance Denials*

Plaintiff argues that defendants Doyle Davis and Matthew McClarin are liable for monetary damages because they denied plaintiff's administrative grievances. He contends

that, because his grievances were denied, he was barred from obtaining any necessary medical and dental care.

Prisoners enjoy no federally protected liberty interest in having their administrative grievances investigated, processed, or resolved to their satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Hill v. Walker*, 718 F. App'x 243, 250 (5th Cir. Jan. 19, 2018) (holding that a section 1983 due process claim for failure to investigate grievances is indisputably meritless). That plaintiff was dissatisfied with the results of his prison grievances does not give rise to a viable section 1983 claim for relief. Moreover, nothing in the grievance denials stated that plaintiff was barred from receiving dental services, nor does he state that any defendant told him that denial of the grievance meant he was barred from receiving dental services. The Court declines to accept as true plaintiff's legal conclusion that he was "barred" from future dental services as a result of the untimely grievances.

Plaintiff's allegations against defendants Doyle Davis and Matthew McClarin fail to raise a viable claim for relief under section 1983, and plaintiff's claims against them are DISMISSED WITH PREJUDICE.

*Supervisory Liability*

Plaintiff claims that Lorie Davis is liable for monetary damages because she is responsible for all subordinate prison employees in her capacity as director of TDCJ.

The fact that Lorie Davis is the director of TCDJ does not create liability under section 1983. Davis as a supervisory official may be held liable under section 1983 only

9

if she affirmatively participated in the acts that caused the constitutional deprivation, or she implemented unconstitutional policies that causally resulted in the constitutional injury. *Gates v. Texas Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008). Plaintiff has not alleged that Davis affirmatively participated in any deliberate indifference or that she implemented an unconstitutional policy that resulted in the deliberate indifference.

No factual allegations for holding Lorie Davis liable in this lawsuit have been raised, and no viable claim is pleaded against her. Plaintiff's claims against Davis are DISMISSED WITH PREJUDICE for failure to raise a viable claim under section 1983.

*Conclusion*

The Court ORDERS as follows:

1. Defendant Punch's motion to dismiss (Docket Entry No. 23) is GRANTED, and plaintiff's claims against Punch are DISMISSED WITH PREJUDICE.

2. Plaintiff's claims for monetary damages against the defendants in their official capacity are DISMISSED WITH PREJUDICE as barred by immunity under the Eleventh Amendment.

3. Plaintiff's claims against defendants Doyle Davis, Matthew McClarin, and Lorie Davis in their individual capacity are DISMISSED WITH PREJUDICE.

4. This lawsuit is DISMISSED WITH PREJUDICE.

5. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on December 5, 2018.

Gray H. Miller
United States District Judge